**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4084**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

BRANDON ANTOWINE BARNETTE,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:12-cr-00020-FDW-1)

―――――――――

Submitted:  August 14, 2013          Decided:  August 27, 2013

―――――――――

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC,
Charlotte, North Carolina, for Appellant.  Anne M. Tompkins,
United States Attorney, Melissa L. Rikard, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Antowine Barnette appeals his thirty-seven-month sentence imposed following his guilty plea pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(b)(1)(A) (West 2006 & Supp. 2013) and 21 U.S.C. § 846 (2006). We affirm.

The presentence report ("PSR") calculated Barnette's Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2012) at thirty-seven to forty-six months' imprisonment. Barnette moved for a downward departure or variance from the Guidelines range, arguing that he should receive a ten-level reduction to his base offense level under USSG § 2D1.1 because it was increased from level sixteen to level twenty-six based entirely on the cocaine quantity he reported to law enforcement officials during a post-arrest interview. The Government opposed Barnette's request, arguing that the PSR had properly calculated the drug quantity attributable to him. As part of its opposition, the Government also made an oral evidentiary proffer—based on investigative information from the case agent—establishing that one of Barnette's co-conspirators had informed law enforcement officials of Barnette's involvement in the conspiracy prior to Barnette's arrest. The district court accepted the Government's

2

proffer and adopted the PSR's calculation of Barnette's Guidelines range. On appeal, Barnette argues that the Government committed reversible misconduct by failing to file a written response to his motion for a downward departure or variance and by opposing the motion with the oral evidentiary proffer.

To succeed on a claim of prosecutorial misconduct, a defendant must prove that the prosecution engaged in improper conduct and that such conduct prejudiced his substantial rights so as to deny him a fair proceeding. United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). Because Barnette did not raise his claim of prosecutorial misconduct in the district court, we review it for plain error, affirming unless an error was made, the error was plain, and the error affected Barnette's substantial rights. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).

We conclude after review of the record and the parties' briefs that the Government did not engage in misconduct. Evidentiary proffers may be used in the calculation of the drug quantity attributable to a defendant for sentencing purposes, accord United States v. Young, 609 F.3d 348, 358-59 (4th Cir. 2010) (vacating sentence and remanding for resentencing where the district court failed to recognize its authority to consider the drug quantity established by the

3

Government's evidentiary proffer introduced at sentencing), and the plea agreement in this case provided that the parties could argue their respective positions regarding departures or variances from the Guidelines range. Barnette does not point to anything in the record that would support the conclusion that the Government was required to respond to his motion in writing. The plea agreement also permitted the Government to inform the district court of all facts pertinent to the sentencing process, and Barnette does not contend that the oral proffer was not pertinent to his sentencing or point to anything in the record establishing that the proffer was inaccurate.[*]

Barnette fails to establish that any plain error was committed in the manner in which the Government responded to his motion for a downward departure or variance. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although Barnette summarily asserts that the case agent made "blatant misrepresentations," he does not point to anything in the record supporting this assertion.

4